never be exercised till after forfeiture of the condition. The defendants must resort to their plea.

*Per. Curiam.* The principle contended for, by the counsel for the plaintiff, is correct. Equity powers only arise *after* forfeiture of a condition in the bail bond.

The defendants must rely upon their plea of *comperuit ad diem.* But this decision is not to be understood as precluding defendants from applying hereafter to the equitable interposition of the court.

Motion denied.

## Phelps v. Ball.

In this cause a motion was made by the attorney general, to amend the *fi. fa.* after it was returned *satisfied*, by altering two mistakes in the writ. He cited Sir *T. Jones,* 41.

Motion granted.

———◈———

## APRIL TERM, 1799.

———

## Fleming, Executor, v. Tiler.

THE plaintiff shows as cause against a rule why he should not pay costs, he having been nonsuited on the trial at the circuit, that the *writing* on which the suit was brought was dated in *seventy*, &c. and

through mistake in copying, the date in the declaration, was entered on the *nisi prius* roll, *ninety*, &c. and that for this variance the defendant had obtained the nonsuit against him.

Rule discharged.<br>B.

## *White* ads. *Spencer.*

THE plaintiff had recovered, but not *above 20l.* and now a motion by the defendant to set off his costs against the sum recovered, which was opposed on behalf of the attorney for the plaintiff, whose affidavit was read, stating that the whole of the costs was still due to him, and that the plaintiff had become insolvent.

Rule nevertheless granted to the defendant.

B.

## *Phelps* ads. *Stafford.*

THE attorney for the plaintiff had entered the default, the last *July* vacation, before the rule for pleading had expired, and the default being entered, he had refused to accept a plea from the attorney for the defendant; who, having shortly thereafter discovered that the default had been prematurely entered, gave a notice of a motion, as of the ensuing *October* term, to set it aside, and, no counsel appearing to oppose the motion on the part of the plaintiff, it was granted *of course.*